UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ERYK MILLER,

    Petitioner,

v.

BUREAU OF PRISONS; RRM SEATTLE WASHINGTON,

    Respondent.
_____

Case No. 3:25-cv-00177-MC

**OPINION AND ORDER**

MCSHANE, Chief Judge.

    Petitioner, a self-represented adult in custody (AIC), brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and alleges that the Bureau of Prisons (BOP) failed to award him earned time credits to which he is entitled under the First Step Act (FSA). Petitioner failed to exhaust the BOP administrative remedy process, and the Petition is DENIED without prejudice.

1 -    OPINION AND ORDER

**DISCUSSION**

Petitioner claims that he became eligible to earn FSA time credits as of December 20, 2023, the date he entered federal custody, and that BOP did not begin awarding him FSA credit until March 28, 2024. *See Huihui v. Derr*, 2023 WL 4086073 at *4 (D. Haw. June 20, 2023) (finding that an AIC "was eligible to start earning" FSA time credits as of the date the AIC "was received in custody awaiting transportation to the official detention facility at which the sentence is to be served"). Petitioner seeks an order requiring BOP to recalculate his FSA credits as of December 20, 2023.

"In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2010) (per curiam). Requiring the exhaustion of administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum" and conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). The district court may excuse the exhaustion requirement if the "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). Courts should not, however, relax the exhaustion requirement where it "would encourage the deliberate bypass of the administrative scheme." *Id.*

BOP's administrative remedy process begins with an informal grievance, or BP-8. If an AIC does not achieve satisfactory results from that informal process, the AIC may file a formal complaint with the warden using a BP-9 form. If the BP-9 is unsuccessful, the AIC may file a

2 -     OPINION AND ORDER

Regional Administrative Remedy Appeal (BP-10). Finally, if the BP-10 does not afford the relief sought, the AIC may file a Central Office Administrative Remedy Appeal (BP-11). *See* 28 C.F.R. §§ 542.13-542.15. If the BOP denies relief on the BP-11, the AIC has exhausted the BOP administrative process and may pursue judicial relief.

Petitioner concedes that he did not exhaust the BOP administrative remedy process. Petitioner claims that he should be excused from the exhaustion requirement because he could not have completed the appeal process before the date on which he should be released. *See* Pet. at 3-4. Petitioner does not explain why he failed to seek an administrative remedy sooner, and I am not persuaded that the length of his remaining sentence justifies excusing the exhaustion requirement in this case. In addition to producing a "useful record for subsequent judicial consideration," the administrative review process "promotes efficiency" and generally resolves claims "much more quickly and economically" than "litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

## CONCLUSION

Accordingly, the Petition (ECF No. 1) is DENIED without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED.

DATED this 3rd day of March, 2025.

                                                              s/ Michael J. McShane
                                                              MICHAEL J. MCSHANE
                                                              United States District Judge

3 -    OPINION AND ORDER